Thursday August 15, 2019
U.S. District Court
For the Western District of TX
501 W. 5th #1100
Austin TX 78701

Civil Case #
**A19CV0813 LY**

Case style

Koo-Hyun Kim
Plaintiff
V
~~Defendant~~
Previous FBI Director
James B. Comey
816 S. Congress Ave #1000
Austin TX 78701



/



# Table of Contents

| Contents | pages |
|---|---|
| Cover/Case Style | 1 |
| Plaintiff/Defendant | 2 |
| Plaintiff/Defendant Address | 2 |
| The reason of law suit | 3-4 |
| Jurisdiction | 4 |
| Kim's signature | 5 |
| Law § 15.017 | 6 |
| Justice Dept declines to prosecute Defendant James B. Comey | 7 |
| No Russian influence | 8 |
| Cenability to pay | 9 |

Thursday August 15, 2019

U.S. District Court
For the Western District of Texas
501 West 5th St. Suite 1100
Austin Texas 78701

Civil Case # _____

Case style

Plaintiff

Dr. Koo-Hyun Kim Ph.D.
Representative of President Donald J. Trump 2020
re-election campaign volunteer Chief –
free – in Austin Texas
Our Savior Lutheran Church
1513 East Yager Lane
Austin Texas 78753   Tel (512) 836-9600

V

Defendant
Previous FBI Director James B. Comey
816 S. Congress Ave Suite 1000
Austin TX 78701

2

The reason of this law suit

1. American voters, especially electoral College voters are the best of the whole world. They are amazing, competent and absolute so excellent that they had never have been influenced by foreigners in the history of the USA.

2. The horrible and ridiculous FBI, especially previous Director James B. Comey, like a cobra, prosecuted his boss perfectly and absolutely elected Superman, Messiah Donald J. Trump such as his faked impeachment of his boss U.S. president Donald J. Trump without any Russian influence on 304 electoral college voters in

3

2016.

3. No voters out of 304 for President Trump said that she or he was influenced by an Russian or Russian Government.

4. Therefore, it was Defendant James B. Comey's faked prosecution of President's impeachment.

5. It is absolutely natural and proper that Defendant James B. Comey must have been fired from the Director of FBI and Defendant must have been imprisoned.

Jurisdictions
Federal law § 15.018 Federal Employers'

4

Liability Act and Funds Act
(see a copy of the law)

Sincerely,

Koo-Hyun Kim, Ph.D.
Representative of President Donald J. Trump of the U.S.A.
Our Savior Lutheran Church
1513 East Yager Lane
Austin TX 78753
Tel (512) 836-9600

*[signature]*

5

## § 15.017
Note 6

### TRIAL JUDGEMENT AND APPEAL
Title 2

### VENUE
Ch. 15

of accrual of cause of action where suit was brought and that allegedly defamatory newspaper article complained of was published and distributed in Jefferson County was sufficient to prove cause of action. Houston Chronicle Pub. Co. v. Flowers (Civ.App. 1967) 413 S.W.2d 435.

Plaintiff in action for slander had burden to allege and prove facts to sustain venue in county of plaintiff's residence against right of defendants to defend suit in county of their residence. Texam Oil Corp. v. Poynor (Civ.App. 1968) 431 S.W.2d 802, ref. n.r.e. 436 S.W.2d 129.

Even though defendants contended as a defense that allegedly libelous letter sent to bank was a conditionally privileged communication from holder of a first lien to holder of a second lien on mortgaged property, plaintiffs at plea of privilege hearing did not have to meet and negate that defense in making prima facie proof that cause of action for libel accrued in county

of plaintiffs' residence. General Motors Acceptance Corp. v. Howard (Sup. 1972) 487 S.W.2d 708.

Where two witnesses testified by deposition that defendant told them that she believed plaintiff to be a homosexual or a "queer," plaintiff made prima facie case of slander, and therefore venue was properly in county of plaintiff's residence under Vernon's Ann.Civ.St. art. 1995, subds. 9 (repealed) and 29 (repealed; now, this section). Head v. Newton (Civ.App. 1980) 596 S.W.2d 209.

Since plaintiff, who was a public figure, failed to make showing of malice at venue hearing with respect to newspaper's allegedly libelous article, plaintiff failed to prove existence of cause of action so as to maintain venue of action in the county of his residence. Times Herald Printing Co. v. Bessent (Civ.App. 1980) 601 S.W.2d 487, dismissed.

location for office in v est ranking officers ii conducted railroad af tion, and for general 1 who was responsible ; for the southern reg supervised the assist: eral superintendent, ε dents throughout stε In re Missouri Pacif S.W.2d 212.

**2. Transfer of venu**

After railroad emp ma facie proof of · FELA action was b granted railroad em venue of employee's which employer hac FELA mandatory ve: specifically denied ( proffered evidence office was in secor Pacific R. Co. (App. 47.

### § 15.018. Federal Employers' Liability Act and Jones Act

(a) This section only applies to suits brought under the federal Employers' Liability Act (45 U.S.C. Section 51 et seq.) or the Jones Act (46 U.S.C. Section 688).

(b) All suits brought under the federal Employers' Liability Act or the Jones Act shall be brought:

   (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

   (2) in the county where the defendant's principal office in this state is located; or

   (3) in the county where the plaintiff resided at the time the cause of action accrued.

Added by Acts 1995, 74th Leg., ch. 138, § 2, eff. Aug. 28, 1995.

### § 15.019. In

(a) Except as plaintiff was hc Department of facility is locate

(b) An actio plaintiffs were Department of that housed on

(c) This sect

Added by Acts V.T.C.A., Civil P § 31.01(3), eff. S

#### Historical and Statutory Notes

Section 11(b) of Acts 1995, 74th Leg., ch. 138 provides:

"Venue under Section 15.018, Civil Practice and Remedies Code, as added by this Act, applies only to a suit commenced on or after

January 1, 1996. Venue under that section for a suit commenced before January 1, 1996, is governed by the law applicable to the suit immediately before the effective date of this Act, and that law is continued in effect for that purpose."

Sections 9 and

"Sec. 9. (a) Tl nal Justice shall housed in faciliti tract with the de this Act.

"(b) In provid the Texas Depart

"(1) include Act in a new published for j

#### Notes of Decisions

In general  1
Burden of proof  3
Transfer of venue  2

**1. In general**

Railroad employee who did not amend his FELA complaint to remove his original venue

allegations under repealed venue statute and substitute properly pled venue facts under currently applicable FELA statute failed to establish prima facie proof of venue in county. In re Missouri Pacific R. Co. (App. 12 Dist. 1998) 970 S.W.2d 47.

Railroad established venue for six FELA cases in its chosen county, where chosen county was

200



*injuries*

James B. Comey

